OPINION OF THE COURT
Bernard J. Fried, J.
Defendants Gregory Ciauri, Jerry Ciauri and James Besser seek an order precluding the use of certain language such as "mob,” "crime family,” "Mafia,” "La Cosa Nostra,” "Colombo Crime Family,” and other similar language during the trial of this indictment, and for appropriate redactions to the indictment. This motion is denied.
Here the defendants are charged with the crime of enterprise corruption in violation of section 460.20 (1) (a) of the Penal Law. It is alleged that the criminal enterprise involved was the Colombo organized crime family of La Cosa Nostra. Indeed, the indictment details the organization of the Colombo family with great particularity. It is this particularity that the defendants contend is inflammatory and prejudicial, is beyond the necessary scope of the statute, and is unnecessary to the establishment of the alleged criminal enterprise. The defendants also argue that there has been no showing by the People that these terms have a basis in fact. The People respond that the terms at issue will be part of the proof at trial and that they serve to identify and describe the enterprise involved.
Initially, it should be noted that I have reread the Grand Jury minutes in connection with this motion, and have determined that there is a basis in fact for the indictment to contain the terms at issue. Without necessarily detailing each reference, the Grand Jury testimony contains the following statements in the answers of various witnesses: "the Colombo Family,” "member of the Colombo crime Family,” "captain of the Colombo Family,” "I was an associate of his * * * I was in his crew * * * they called it caporegime,” "he became a consigliere of the Colombo Family,” "the acting boss,” "the official boss,” "a made member is an official member of the family [explained],” "the mob,” "good fellow,” "wise guy,” "soldier,” "captain or a skipper or capo regime * * * a captain has a crew of soldiers,” "structure [of] five families that comprise the Mafia that is * * * in [the] New York area * * * they use the term Cosa Nostra or organized crime family.” Moreover, there was testimony that the defendants Gregory Ciauri, Jerry Ciauri and James Besser were "members” of first one and then another particular Colombo family crew, *396 and that their position in the different crews was as "associates.”
In my view, the references which are sought to be redacted or precluded directly relate to the charge in this case. Thus, it is clear that the evidence is relevant to the ultimate determination concerning the criminal enterprise alleged in the indictment: It is the Colombo family of La Cosa Nostra which is the enterprise described and charged, and the defendants’ association with it that forms the gravamen of the charge.
While there are no reported cases in New York that treat the issue presented, there are several District Court decisions which have considered this issue and concluded that similar language should not be stricken from a Federal indictment. For example, in United States v Rastelli (653 F Supp 1034, 1054-1055 [ED NY 1986]), a motion to strike references to the "Mafia” and "La Cosa Nostra” and an allegation that the defendants were "associates of the Bonanno Crime Family” was denied. The District Judge held that "[e]yen assuming that defendants are correct in their assessment of the degree of prejudice inherent in such language, their argument fails because the language refers to relevant and admissible evidence.” And in United States v Pérsico (621 F Supp 842, 860 [SD NY 1985]) similar language in an indictment was not stricken, the court ruling that "[i]n establishing the existence of the enterprise, and describing its operations, these terms will inevitably be part of the proof at trial”. (See also, United States v Napolitano, 552 F Supp 465 [SD NY 1982].)
So too here. As in Rastelli, Persico and Napolitano (supra), the People have alleged that the defendants are a part of a "Criminal enterprise” or a "group of persons sharing a common purpose of engaging in criminal conduct, associated in an ascertainable structure distinct from a pattern of criminal activity, and with a continuity of existence, structure and criminal purpose beyond the scope of individual criminal incidents.” (Penal Law § 460.10 [3].) As did the various Federal courts, I also conclude that this language, which was used by the various witnesses to describe and explain the structure and existence of the enterprise, is relevant evidence. Indeed, it is language that is integral to the witnesses’ own descriptions and explanations of the criminal enterprise alleged to be involved here. (See also, People v Giordano, NYLJ, Dec. 7, 1992, at 28, col 5 [Bradley, J.].)
This conclusion, that the evidence is relevant, that is that it *397 tends to prove a fact that is material to this prosecution, i.e., the existence of the criminal enterprise, does not end the inquiry. As stated in People v Davis (43 NY2d 17, 27 [1977]), "[r]elevance, however, is not always enough,” and it must be balanced against the danger of undue prejudice. Applying this balancing test, I am satisfied that the evidence is admissible. Certainly, some of the challenged language is emotionally charged and, if used out of the specific context of this case, may be considered ethnically offensive. However, the language is that used by the alleged criminal associates of the defendants in connection with their alleged criminal organization. Since it is the very own words of the witnesses, words that are not designed or intended to arouse prejudice against the defendants, but words that in the setting of the trial of this case relate directly to the gravamen of the enterprise corruption charge, they are not, in my view, sufficiently inflammatory or prejudicial that they should be stricken or precluded. However to ensure that the language will be appropriately considered by the trial jury, a limiting charge will be given, if requested, instructing the jurors not to consider the words for any other purpose than in connection with the charged offense. Counsel are encouraged to submit a proposed instruction for my consideration.